# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CHAVEZ EATON, | : | |
| | : | C.A. No. K17A-02-002 WLW |
| Appellant, | : | Kent County |
| | : | |
| v. | : | |
| | : | |
| ARCH TELECOM, INC. and | : | |
| UNEMPLOYMENT INSURANCE | : | |
| APPEALS BOARD, | : | |
| | : | |
| Appellee. | : | |

Submitted: August 1, 2017
Decided: October 25, 2017

## ORDER

Upon an Appeal from the Decision of the
Unemployment Insurance Appeals Board.
*Affirmed.*

Mr. Chavez Eaton, *pro se*

Carla A.K. Jarosz, Esquire of the Department of Justice, Wilmington, Delaware; attorney for the State.

WITHAM, R.J.

Appellant Chavez Eaton (hereinafter "Mr. Eaton") has appealed a decision of the Unemployment Insurance Appeals Board (hereinafter the "UIAB" or the "Board"), which determined that Mr. Eaton was disqualified from receiving unemployment benefits. The Court's review is confined to the facts contained in the record, and it is those facts that are referenced herein.

Mr. Eaton was discharged from Arch Telecom on October 26, 2016. Prior to his discharge, Mr. Eaton was reprimanded for taking unauthorized breaks and was given a written warning regarding his performance, listing various unacceptable behaviors. Among these warnings were admonitions that Mr. Eaton follow his work schedule and take breaks only when approved. Noting the above facts, the Board found that Mr. Eaton acted willfully and wantonly in failing to follow the schedule as well as taking unapproved breaks, was therefore discharged for cause,[1] and disqualified from the receipt of unemployment benefits.[2] Mr. Eaton timely appealed to this Court.

It is well established that an appeal from an administrative board's final order to this Court is confined to a determination of whether the UIAB's decision is supported by substantial evidence and is free from legal error.[3] Evidence is substantial when it is such that a reasonable mind might accept as adequate to support a

---

[1] *Majaya v. Sojourner's Place*, 2003 WL 21350542 at *4 (Del. Super. June 6, 2003).

[2] 19 *Del. C.* 3314(2).

[3] *E.g.*, *Unemployment Ins. Appeal Bd. Dept. of Labor v. Duncan*, 337 A.2d 308, 308 (Del. 1975); *Thompson v. Christiana Care Health System*, 25 A.3d 778, 781–72 (Del. 2011).

conclusion.[4] The party that attacks the Board's decision bears the burden of proof.[5]

Here, Mr. Eaton's sole argument for reversal relates to the merits of the Board's decision. Mr. Eaton argues that the Board incorrectly determined that he was given a "single unambiguous warning that proscribed conduct will not be tolerated, and that discharge would be the consequence." Mr. Eaton does not deny that he received a written warning regarding his conduct, or that he was warned that discharge would be the consequence of the prohibited conduct, rather, he argues that the notice was ambiguous. In his opening brief, Mr. Eaton characterized the ambiguity as follows:

> Being the fact that Chavez Eaton was given six different issues pertaining his final warning on October 10th 2016, it is highly improbable that this could be interpreted as unambiguous.

Mr. Eaton provides no case law or other authority to support his assertion that the warning provided was ambiguous.

The Court is unconvinced by Mr. Eaton's argument. As an initial matter, the Court notes that a "single unambiguous warning" such as described by Mr. Eaton, is not necessarily required in every case: "[t]he inquiry into whether a warning is sufficient to put the employee on notice is 'very fact specific.'"[6] The requirement for a "single unambiguous warning," comes from the Delaware Supreme Court's decision

---

[4] *Histed v. E.I. Dupont deNemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

[5] *Dep't of Justice v. Unemployment Ins. Appeal Bd.*, 2016 WL 3742158, at *4 (Del. Super. July 6, 2016) (citations omitted).

[6] *Murphy & Landon, P.A. v. Pernic*, 121 A.3d 1215, 1224 (Del. 2015).

3

in *Ortiz v. Unemployment Insurance Appeals* Board.[7] The facts in *Ortiz* are highly distinguishable from those here: in that case, the employer had previously condoned the employee's substandard performance.[8] There is no indication that the requirement imposed in *Ortiz* should apply in a case where the employee has been apprised of his or her impermissible behavior, and such behavior was met with reprimand. Here, during the Board hearing, Mr. Eaton admitted to having previously been "written up" for taking unauthorized breaks. At the end of his testimony, Mr. Eaton was asked by a Board member, "So you were aware, according to the information given to you from your Employer about the issues that were ongoing?" to which Mr. Eaton responded "Yes."

Further, the record shows that the written warning unambiguously advised Mr. Eaton of the specific behaviors for which he was terminated, *i.e.,* failing to follow his work schedule and taking unapproved breaks. He was informed that these behaviors were unacceptable and would result in his termination if repeated. The Court finds there was substantial evidence to support the Board's determination that the notice provided was adequate, that Mr. Eaton's neglect of his duties was willful and wanton, and that he was terminated for "just cause." Mr. Eaton has failed to carry his burden of showing why the Board's decision should be reversed.

---

[7] 317 A.2d 100 (Del. 1974).

[8] *Id.* at 100.

WHEREFORE, for the reasons cited herein, Mr. Eaton's appeal is DENIED. The decision of the Unemployment Insurance Appeals Board is accordingly AFFIRMED.

IT IS SO ORDERED.

/s/ William L. Witham, Jr.
Resident Judge

WLW/dmh