DELAWARE AUTHORITY FOR
REGIONAL TRANSIT
(DART), Appellant,

v.

Cecil BUEHLMAN and Unemployment
Insurance Appeal Board, Appellees.

Supreme Court of Delaware.

Submitted Oct. 17, 1979.

Decided Nov. 20, 1979.

Howard M. Handelman and Jeffrey M. Weiner, of Bayard, Brill & Handelman, P. A., Wilmington, for appellant.

Cecil Buehlman, pro se, and Jay H. Conner, of Conner, Daley, Erisman & Van Ogtrop, Wilmington, for appellee Unemployment Insurance Appeal Board.

Before DUFFY, QUILLEN and HORSEY, JJ.

PER CURIAM:

The single question involved in this appeal is whether the Unemployment Insurance Appeal Board was bound by a factual determination made by arbitrators under a union contract.

I

Cecil Buehlman was discharged by his employer, Delaware Authority for Regional Transit (Dart), as a bus driver. Buehlman was a member of the bargaining unit covered by a contract between Dart and the Amalgamated Transit Union, Division 842. Dart, as a local transportation authority, is authorized by statute to bargain collectively with a labor organization representing its employees, and a labor dispute between Dart and an employee may be submitted to "final and binding" arbitration: 2 *Del.C.* § 1613. Buehlman processed the discharge as a grievance under the contract and, ultimately, a Board of Arbitrators determined that he had been discharged for cause.

Thereafter, Buehlman filed a claim for Unemployment Compensation. See 19 *Del.C.* § 3301, etc. Dart opposed his claim and argued that the Arbitrators' finding of fact relating to the discharge for cause effectively estopped Buehlman from re-litigating that issue in the statutory proceedings governing a claim for compensation. That argument was rejected by the Board, which made its own finding about the discharge and concluded that Buehlman was entitled to unemployment benefits. The Superior Court affirmed and Dart then docketed this appeal.

## II

19 *Del.C.* § 3371(a) provides as follows:

"Any agreement by an individual to waive, release or commute his rights to benefits or any other rights under this chapter shall be void."

■ We recognize that there is a statutory basis for the collective bargaining agreement which created the grievance procedure and that arbitration is favored in Delaware. 10 *Del.C.* § 5701; *Nelson v. Allstate Insurance Company*, Del.Super., 298 A.2d 337, 338 (1972). But the generality of those principles must give way here to the specific provisions of 19 *Del.C.* § 3371(a). In addition, the Unemployment Compensation Act is usually given a liberal construction favoring a claimant, at least when its basic policy is in issue. *Emrick v. Unemployment Compensation Com'n*, Del.Super., 173 A.2d 743, 745 (1961).

■ Applied here, § 3371(a) prohibits a proceeding under the collective bargaining agreement from operating as a waiver by Buehlman of "benefits or any other rights" which he had under the Act. Those rights include both the procedural rights before a claims deputy, a referee and the Board, and the appellate rights within that hierarchy and to both the Superior Court and this Court. It is clear that such rights are not available under the collective bargaining contract and, in any event, the statute prohibits waiver as a matter of public policy.*

Affirmed.

---

* This result is consistent with 19 *Del.C.* § 3318, which places responsibility for deciding whether an unemployment compensation *claim is* valid on a "representative designated by the Department [of Labor]," who is to make this decision "on the basis of the facts found by him." Presumptively, at least, this means that *facts concerning the validity of a claim must be* independently determined by a Department of Labor person assigned for that purpose.