IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TAMMY R. WILLIAMS,         :

                              :       C.A. No. K15A-08-002 WLW

         Appellant,       :       Kent County

     v.                         :

                              :

BRANDYWINE COUNSELING and :

UNEMPLOYMENT INSURANCE   :

APPEALS BOARD,            :

                              :

         Appellee.        :

Submitted: January 11, 2016
Decided: March 29, 2016

**ORDER**

Upon an Appeal from the Decision of
the Unemployment Insurance Appeals Board.
*Reversed*.

Tammy R. Williams, *pro se*

Paige J. Schmittinger, Esquire of the Department of Justice, Wilmington, Delaware; attorney for the Unemployment Insurance Appeals Board.

WITHAM, R.J.

Before the Court is Appellant/Claimant Tammy Williams' ("Williams") appeal from a decision of the Unemployment Insurance Appeals Board ("UIAB" or "Board") which denied Williams' appeal of a Referee's decision as untimely. Upon consideration of the pleadings before this Court and the record below, the UIAB ruling is REVERSED.

## FACTS AND PROCEDURAL BACKGROUND

Williams was employed by Brandywine Counseling ("Brandywine") as a counselor from May 13, 2013 through April 27, 2015.[1] Her last day of work was December 22, 2014. On that date, Williams informed Brandywine that she required leave under the Family Medical Leave Act ("FMLA") to care for her seventy-nine-year-old mother. Her mother lived alone in New York and had experienced a health crisis which required hospitalization. Williams contacted Brandywine every three weeks to update her status during her absence. In April, Brandywine contacted Williams to inquire into her availability to return to work because her leave under the FMLA had expired. Williams advised Brandywine that her mother was still ill and that she would not be able to return to work at that time. Brandywine determined that it was necessary to fill the position and terminated Williams' employment.

---

[1] R-38.

In April 2015, Williams filed a claim for unemployment insurance benefits.[2] The Claims Deputy found that the employer had not shown willful or wonton misconduct by Williams and determined that Williams was not disqualified from receiving unemployment insurance benefits pursuant to 19 *Del. C.* § 3314(2).[3,4] Brandywine timely appealed the decision of the Claims Deputy. After a hearing on the appeal, a Referee determined that this was a voluntary quit case and should thus be determined under 19 *Del. C.* § 3314(1).[5] The Referee reasoned that Williams was offered the opportunity to return to work after her FMLA leave had expired, and that her decision not to return to work amounted to a voluntary relinquishment of her position.[6] Because Williams had left her position for reasons not connected with her employment, and had not exhausted all reasonable alternatives prior to

---

[2] R-2.

[3] R-19.

[4] 19 *Del. C.* § 3314(2) applies when an employee has been discharged and states in pertinent part:

> For the week in which the individual was discharged from the individual's work for just cause in connection with the individual's work and for each week thereafter until the individual has been employed in each of 4 subsequent weeks (whether or not consecutive) and has earned wages in covered employment equal to not less than 4 times the weekly benefit amount.

[5] 19 *Del. C.* § 3314(1) applies when an employee has left work voluntarily and states in pertinent part:

> For the week in which the individual left work voluntarily without good cause attributable to such work and for each week thereafter until the individual has been employed in each of 4 subsequent weeks (whether or not consecutive) and has earned wages in covered employment equal to not less than 4 times the weekly benefit amount.

[6] R-38-39.

resigning her position, the Referee determined that Williams was disqualified from receiving unemployment insurance benefits. Based on this determination, the Referee reversed the decision of the Claims Deputy. The Referee's decision was mailed to Williams on June 17, 2015.

On July 2, 2015, Williams filed an appeal of the Referee's decision with the Board.[7] The Board determined that the last day to appeal the Referee's decision was July 27, 2015, and the appeal was therefore not timely.[8] The Board noted that "this time limit is jurisdictional, although the Board may, in cases of severe circumstances, exercise its discretion under § 3320 to accept the appeal *sua sponte*."[9] The Board found no evidence of Department error that would have prevented Williams from filing a timely appeal. Based on this finding, the Board denied Williams' application for further review. The Board's decision was mailed to Williams on August 13, 2015.

On August 20, 2015, Williams filed a timely appeal of the Board's decision with the Superior Court. Her opening brief reiterated her argument relating to her entitlement to unemployment insurance benefits, but failed to address the issue of timeliness.

## STANDARD OF REVIEW

---

[7] R-43.

[8] 19 *Del. C.* § 3318(c) requires that an appeal to the Board be filed within ten days.

[9] R-44.

This Court reviews decisions by the Board to determine whether they are supported by substantial evidence and free from legal error.[10] "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"[11] The Court possesses limited review power of the factual findings of an administrative agency. Specifically, "the findings of the Unemployment Insurance Appeal Board as to facts, if supported by the evidence and in absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to the questions of law.[12] The Court does not weigh the evidence, determine questions of credibility, or make its own factual findings.[13] Rather, the Court is restricted to a consideration of the record.[14] It merely determines if the evidence is legally adequate to support the agency's factual findings.[15] In considering an action of the Board, this Court's scope of review is limited to

---

[10] *Mathis v. Del. River and Bay Auth.*, 2012 WL 5288757, at *2 (Del. Super. Aug. 22, 2012).

[11] *Bradfield v. Unemployment Ins. Appeal Bd.*, 2012 WL 5462844, at *1 (Del. Super. Mar. 13, 2012) (quoting *Gorrell v. Div. of Vocational Rehab.*, 1996 WL 453356, at *2 (Del. Super. July 31, 1996)).

[12] 19 *Del. C.* § 3323(a).

[13] *Johnson v. Chrysler Corp.*, 213 A.2d 64, 66 (Del. 1965).

[14] *Hubbard v. Unemployment Ins. Appeal Bd.*, 352 A.2d 761 (Del. Super. 1976).

[15] 29 *Del. C.* § 10142(d) states:
> The Court, when factual determinations are at issue, shall take due account of the experience and specialized competence of the agency and of the purposes of the basic law under which the agency has acted. The Court's review, in the absence of actual fraud, shall be limited to a determination of whether the agency's decision was supported by substantial evidence on the record before the agency."

whether the board abused its discretion.[16]   If the record below contains substantial evidence in support of the Board's findings, then that decision will not be disturbed.

## DISCUSSION

---

[16] *Funk v. Unemployment Ins. Appeal Board*, 591 A.2d 222, 225 (Del. 1991).

The General Assembly has determined that the public good requires "the compulsory setting aside of an unemployment reserve to be used for the benefit of persons unemployed through no fault of their own."[17]  "[T]he Unemployment Compensation Act is usually given a liberal construction favoring a claimant, at least when its basic policy is in issue."[18]  Thus, the Court employs a liberal construction in favor of the claimant when determining the meaning of a statute. In the case *sub judice*, there are three issues.  The first issue concerns the merits of the underlying case.  The second issue concerns time computation when determining the date by which a claimant must file an appeal from a Referee's decision with the Board.  The third issue concerns the discretion given the Board to hear a case on the merits under 19 *Del. C.* § 3320.

---

[17] 19 *Del. C.* § 3301.

[18] *Delaware Auth. For Reg'l Transit (Dart) v. Buehlman*, 409 A.2d 1045, 1046 (Del. 1979).

Turning to the merits of the underlying case, the Referee's decision disqualifying Williams from the receipt of unemployment insurance benefits was in error. The Referee determined that this was not a discharge case under section 3314(2), but rather a voluntary quit case under 3314(1). However, whether Williams voluntarily left her employment or was discharged is of no moment. Sections 3314(1) and 3314(2) contain similar language allowing for the receipt of unemployment insurance benefits when the claimant has left employment, whether voluntarily or by discharge, to care for a spouse, child under the age of 18, or parent with a verified illness or disability.[19] Section 3314(1), which pertains to an individual who has voluntarily left employment, states in pertinent part that "[a]n individual, who quits work to care for that individual's spouse, child under the age of 18, or parent with a verified illness or disability, will not be considered to have left work voluntarily without good cause attributable to such work."[20] Section 3314(2) states in pertinent part that "[a]n individual, who is discharged from work because the individual is providing care for that individual's spouse, child under the age of 18, or parent with a verified illness or disability, will not be considered to have been discharged from work for good cause attributable to such work."[21] Thus, as long as Williams is caring for her mother, and her mother has a verified illness or disability, she is entitled to unemployment insurance benefits.

---

[20] 19 *Del. C.* § 3314(1).

[21] 19 *Del. C.* § 3314(2).

Regarding the second issue of time computation, the Board has interpreted the ten day time limit in which a claimant must file an appeal with the Board to be ten calendar days. Although not a matter of first impression, the ten-day time limit has not been subjected to a statutory interpretation process. With no need to indulge in an in-depth analysis, most courts have accepted the Board's interpretation. However, in *Martin v. Unemployment Insurance Appeal Board*, the court determined it would be logical to presume the time limit in 3318(c) was ten calendar days because the term "calendar days" was used in the preceding section.[22] I respectfully disagree. As Justice Antonin Scalia said in *Finley v. United States*, "[w]hat is of paramount importance is that Congress be able to legislate against a background of clear interpretive rules, so that it may know the effect of the language it adopts."[23] This statement is equally relevant at the state level.

---

[22] *Martin v. Unemployment Ins. Appeal Bd.*, 2004 WL 772073, at *3 (Del. Super. Feb. 25, 2004).

[23] *Finley v. United States*, 490 U.S. 545, 556 (1989).

9

As a preliminary matter, the Court notes that this is not an attempt to substitute Superior Court Civil Rule 6(a) in place of the statutory time limit.[24]   This is strictly a matter of statutory construction.   A close reading of 19 *Del. C.* § 3318 reveals that the time limits within which appeals must be filed are phrased differently in subsections (b) and (c).   When a party wishes to appeal the determination of a Claims Deputy, section 3318(b) states that the appeal must be filed within ten calendar days after the Claims Deputy has mailed the determination.[25]   When a party pursues further appeals, section 3318(c) states that the appeal must be initiated pursuant to section 3320 within ten days of notification or of the mailing of the tribunal's decision.[26]   The word "calendar" is conspicuously absent from the time limitation in 3318(c).   Because the term "calendar" was used in the previous subsection, it must be assumed that excepting the word "calendar" in this subsection was intentional.   If the legislature had

---

[24] Super. Ct. Civ. R. 6(a) states in pertinent part "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and other legal holidays shall be excluded in the computation."

[25] 19 *Del. C.* § 3318(b) states in pertinent part (emphasis added):
> Unless a claimant or a last employer who has submitted a timely and completed separation notice in accordance with § 3317 of this title files an appeal *within 10 calendar days* after such Claims Deputy's determination was mailed to the last known addresses of the claimant and the last employer, the Claims Deputy's determination shall be final and benefits shall be paid or denied in accordance therewith.

[26] 19 *Del. C.* § 3318(c) states in pertinent part (emphasis added):
> The parties shall be duly notified of the tribunal's decision, together with its reason therefor [sic], which shall be deemed to be final unless *within 10 days* after the date of notification or mailing of such decision further appeal is

intended the limitation to be ten calendar days, the language used in section 3318(b) would have been duplicated in section 3318(c). To interpret "10 days" in section 3318(c) to mean ten calendar days would render the term "calendar" in section 3318(b) mere surplusage.[27] A liberal interpretation of the ten day time limit would exclude weekends and holidays. Thus, the ten day time limitation contained in section 3318(c) must be read to exclude weekends and holidays. Under this interpretation, Williams was required to file her appeal with the Board by July 1, 2015. Unfortunately, Williams did not file her appeal until July 2, 2015. However, this defect does not prevent the Board from exercising the discretion granted them in section 3320.

Section 3320 grants the Board wide discretion over the appeals process.[28] However, the Board uses this power judiciously. In an opinion letter issued on June 27, 1989, the Board stated:

---

initiated pursuant to § 3320 of this title.

[27] "[W]ords in a statute should not be construed as surplusage if there is a reasonable construction which will give them meaning, and courts must ascribe a purpose to the use of statutory language, if reasonably possible." *Chase Alexa, LLC v. Kent Cnty. Levy Ct.*, 991 A.2d 1148, 1152 (Del. 2010) (quoting *Oceanport Indus., Inc. v. Wilmington Stevedores, Inc.*, 636 A.2d 892, 900 (Del. 1994)).

[28] *Funk*, 591 A.2d at 225.

> [I]n a situation where a party has filed a late appeal from an administrative decision, the Board is extremely cautious in assuming jurisdiction over the matter. It does so only in those cases where there has been some administrative error on the part of the Department of Labor which deprived the claimant of the opportunity to file a timely appeal, or in those cases where the interests of justice would not be served by inaction.[29]

Although there was no administrative error on the part of the Department of Labor, the interests of justice compel the Board to exercise its discretion in this case. The Claims Deputy reached the right conclusion but failed to state the correct reasoning for the decision. The Referee's decision was contrary to law and would have been overturned if the Board had exercised its discretion to hear the untimely appeal. Based on the facts of this case, the Board's failure to accept the appeal was an abuse of discretion. This would be the case whether the appeal was one day late or five days late.

## CONCLUSION

For the foregoing reasons, the decision of the Unemployment Insurance Appeal Board is **REVERSED** and the case is remanded to the Board for further proceedings on William's claim for unemployment benefits consistent with this decision.

IT IS SO ORDERED.

---

[29] *Id.*

*Tammy R. Williams v. UIAB*
C.A. No. K15A-08-002 WLW
March 29, 2016


                                      <u>/s/ William L. Witham, Jr.</u>
                                        Resident Judge


WLW/dmh