**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

JOHN JONES, )
)
       Appellant, )
)
       v. )      C.A. No. N17A-04-003 ALR
)
NATURAL DAIRY PRODUCTS )
CORP. )
d/b/a NATURAL BY NATURE )
and )
THE UNEMPLOYMENT )
INSURANCE APPEAL BOARD )

Date Submitted: October 17, 2017
Date Decided: November 1, 2017

***On Appeal from the Unemployment Insurance Appeal Board***
**AFFIRMED**

This is an appeal from the Unemployment Insurance Appeal Board ("Board"). Upon consideration of the facts, arguments, and legal authority set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.     Appellant John Jones ("Employee") worked as a warehouse associate at Natural Dairy Products Corp. d/b/a Natural by Nature ("Employer") from May 3, 2015 until his termination on September 30, 2016.

2.     On September 27, 2015, a temporary driver of Employer took a box out of Employer's truck and placed it near the back door of Employer's facility. Employee noticed the box when he arrived at work. He looked through the box for

three to four minutes before taking it and placing it in his personal vehicle. The box contained some cleaning chemicals, tools, wires, documents, and a bag of change. There were also some bugs in the box.

3. On September 30, 2016, Employer's regular driver notified Employer that his box was missing from the Employer's truck. Employer reviewed the surveillance video and observed Employee take the box and place it in his personal vehicle. Employee had not reported to Employer that he found a box and did not take any other affirmative steps to find the rightful owner of the box.

4. On October 3, 2016, Employer confronted Employee about the missing box. Employer showed Employee the surveillance video and conducted an exit interview. At no time did Employee attempt to explain why he had taken the box.

5. Employer terminated Employee for theft, which is a violation of Employer's policies.

6. Employee filed a claim for unemployment benefits with the Division of Unemployment. By decision dated October 18, 2016, a Claims Deputy found that Employee was terminated for just cause and disqualified from receiving benefits pursuant to 19 *Del. C.* § 3314(2) ("Section 3314(2)").

7. On October 21, 2016, Employee appealed the Claims Deputy's decision to an Appeals Referee. On November 18, 2016, following a *de novo*

2

hearing, the Appeals Referee affirmed the Claims Deputy's decision disqualifying Employee from benefits pursuant to Section 3314(2).

8. On November 22, 2016, Employee filed an appeal from the Appeals Referee's decision to the Board. On December 14, 2016, the Board remanded the matter to the Appeals Referee for a further evidentiary hearing.

9. On January 17, 2017, the Appeals Referee held a second *de novo* hearing. By decision dated January 18, 2017, the Appeals Referee again affirmed the Claims Deputy's decision disqualifying Employee from benefits pursuant to Section 3314(2).

10. The Appeals Referee concluded that there was just cause for termination based on its finding that Employee committed theft when he took the box and failed to notify anyone about the box or explain his actions when confronted with the surveillance video.

11. On January 23, 2017, Employee filed an appeal from the Appeals Referee's decision to the Board. The Board held a hearing on March 1, 2017. By decision dated March 23, 2017, the Board affirmed the Appeals Referee's decision disqualifying Employee from benefits pursuant to Section 3314(2) ("Board Decision").

12. Employee appeals the Board Decision to this Court. Employee contends that substantial evidence does not support the Board's findings.

13.    This Court reviews the Board Decision for an abuse of discretion.[1] Accordingly, this Court's review is limited to determining whether the Board's findings and conclusions are free from legal error and supported by substantial evidence on the record.[2]  Substantial evidence is relevant evidence that a reasonable person could accept as adequate to support a conclusion.[3]  If the record contains substantial evidence to support the Board's conclusion, the decision will not be disturbed.[4]

14.    Delaware's unemployment statute provides for "the compulsory setting aside of an unemployment reserve to be used for the benefit of persons unemployed through no fault of their own."[5]  [T]he Unemployment Compensation Act is usually given a liberal construction favoring a claimant, at least when its basic policy is in issue."[6] An employee who is discharged for "just cause" is disqualified from receiving unemployment benefits.[7]  "Just cause" is "a willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the

---

[1] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).
[2] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *3 (Del. Super. June 18, 2008).
[3] *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).
[4] *See Funk*, 591 A.2d at 225; *Williams v. Brandywine Counseling*, 2016 WL 3660570, at *2 (Del. Super. Apr. 27, 2016).
[5] 19 *Del. C.* § 3301.
[6] *Williams*, 2016 WL 3660570, at *2 (quoting *Delaware Auth. For Reg'l Transit v. Buehlman*, 409 A.2d 1045, 1046 (Del. 1979)).
[7] 19 *Del. C.* § 3314(2).

4

employee's expected standard of conduct."[8]  In the context of unemployment benefits, the Court has held that "'wilful' [sic] implies actual, specific, or evil intent, while 'wanton' implies needless, malicious or reckless conduct, but does not require actual intent to cause harm."[9] An employer bears the burden of proving by a preponderance of the evidence that an employee was terminated for just cause.[10]

15.   A single incident of misconduct can be enough to establish just cause for termination.[11]  For example, a single instance of insubordination, violence, or theft can be sufficient to establish just cause.[12]

16.   The Board concluded that there was just cause for Employee's termination based on its finding that Employee committed theft.   Substantial evidence supports the Board's conclusion that Employee committed theft, including

---

[8] *Dep't of Corr. v. Toomey*, 1997 WL 537294, at *2 (Del. Aug. 20, 1997) (quoting *Avon Prods., Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986)).

[9] *Jackson v. Christian Care*, 2008 WL 555918, at *2 (Del. Super. Feb. 29, 2008) (internal citations omitted).  *See also Brown v. First State Fabrication, LLC*, 2015 WL 7747127, at *2 (Del. Super. Nov. 17, 2015) (quoting *Coleman v. Dep't of Labor*, 288 A.2d 285, 288 (Del. Super. 1972)) ("A willful or wanton act requires the employee to be 'conscious of his conduct or recklessly indifferent to its consequences.'"); *McCaffrey v. City of Wilmington*, 2014 WL 6679176, at *8 (Del. Super. Nov. 3, 2014) (citing *Morris v. Blake*, 552 A.2d 844, 847 (Del. Super. 1988)) (holding that wantonness is demonstrated by a conscious indifference that evidences an 'I-don't-care' attitude).

[10] *Murphy & Landon, P.A v. Pernic*, 121 A.3d 1215, 1222 (Del. 2015) (citing *Edmonds v. Kelly Servs.*, 2012 WL 4033377, at *2 (Del. Sept. 12, 2012)).

[11] *See Mack v. RSC Landscaping*, 2011 WL 7078291, at *2 (Del. Super. Dec. 22, 2011) (citing *Peninsula United Methodist Homes v. Crookshank*, 2000 WL 33114324 (Del. Super. Sep. 28, 2000)).

[12] *Id.*

the surveillance video of Employee taking the box and Employer's testimony that Employee never notified anyone that he had the box and failed to explain himself when confronted with the surveillance video.

17.     In addition, the Board decision is free from legal error.  The Board properly considered only that evidence presented at the Board hearing itself and the second hearing before the Appeals Referee in the Board Decision.[13]

18.     The Board Decision is supported by substantial evidence, and is free from legal error, and must be affirmed.

**NOW, THEREFORE, this 1ˢᵗ day of November, 2017, the March 23, 2017 decision of the Unemployment Insurance Appeal Board is hereby AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
The Honorable Andrea L. Rocanelli

---

[13] The Court notes that the Board asked some questions at the Board hearing relating to evidence that was only presented at the first Appeals Referee hearing.  However, Employee's counsel informed the Board that the record was limited to that evidence which was presented at the second *de novo* hearing before the Appeals Referee. Therefore, the Board only considered the evidence from the second hearing before the Appeals Referee in the Board Decision.  In addition, the Court is solely considering the evidence presented at the Board hearing and the second hearing before the Appeals Referee.