# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CHANTEL A. CHRISTIAN,   )
           )
  Appellant,     )
           )
  v.        )  C.A. No. N17A-08-003 ALR
           )
NEW CASTLE COUNTY HEAD )
START, WENDY MARSILLI and )
ROBIN BROWN,     )
           )
  Appellees.     )

Date Submitted: January 24, 2018
Date Decided: February 16, 2018

***On Appeal from the Unemployment Insurance Appeal Board***
**AFFIRMED**

This is an appeal from the Unemployment Insurance Appeal Board ("Board"). Upon consideration of the facts, arguments, and legal authority set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Appellant Chantel A. Christian ("Employee") worked as a Head Teacher at New Castle County Head Start ("Employer") from March 2015 until her termination on April 21, 2017.

2. Employer has a Social Media Policy and a Disciplinary Action for Cause Policy. The Disciplinary Action for Cause Policy provides, "Any employee who uses a personal website or other form of social media to disparage the name or

reputation of [Employer], its practices, its governing bodies, officers, employees, volunteers or partners will be subject to serious disciplinary action, up to and including termination of employment." Employee acknowledged receipt of the Social Media Policy and the Disciplinary Action for Cause Policy in March 2015.

3. On February 7, 2017, Employee made a negative post on her Facebook account regarding Employer and her co-workers. Employee identified herself as a Teacher with Employer on her Facebook account. In addition, Employee's post specifically identified Employer by the acronym "NCCHS."

4. Employer was informed about Employee's negative social media posts and began an investigation. During the investigation, Employer discovered another negative social media post on Employee's Facebook account regarding her position with Employer.

5. Employer terminated Employee on April 21, 2017 for violating Employer's Social Media Policy.

6. Employee filed a claim for unemployment benefits with the Division of Unemployment Insurance. By decision dated May 12, 2017, a Claims Deputy found that Employee was terminated for just cause and disqualified from receiving benefits pursuant to 19 *Del. C.* § 3314(2) ("Section 3314(2)").

7. On May 17, 2017, Employee appealed the Claim Deputy's decision to an Appeals Referee. The Appeals Referee held a hearing on June 6, 2017. At the

2

hearing, the Appeals Referee heard testimony from Employer's representatives and Employee. The Appeals Referee also admitted several documents into evidence, including Employee's Facebook posts and Employer's Social Media and Disciplinary Cause for Action Policies.

8.  On June 19, 2017, the Appeals Referee affirmed the Claims Deputy's decision disqualifying Employee from benefits pursuant to Section 3314(2). The Appeals Referee concluded that there was just cause for termination because Employee's violation of Employer's Social Media Policy constituted willful and wanton misconduct.

9.  On June 22, 2017, Employee appealed the Appeals Referee's decision to the Board. The Board held a hearing on July 5, 2017. By decision dated August 7, 2017, the Board affirmed the Appeals Referee's decision disqualifying Employee from benefits pursuant to Section 3314(2) ("Board Decision").

10.  Employee appeals the Board Decision to this Court.

11.  This Court reviews the Board Decision for an abuse of discretion.[1] Accordingly, this Court's review is limited to determining whether the Board's findings and conclusions are free from legal error and supported by substantial evidence on the record.[2] Substantial evidence is relevant evidence that a reasonable

---

[1] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).
[2] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *3 (Del. Super. June 18, 2008).

person could accept as adequate to support a conclusion.[3]  If the record contains substantial evidence to support the Board's conclusion, the decision will not be disturbed.[4]

12.   Delaware's unemployment statute provides for "the compulsory setting aside of an unemployment reserve to be used for the benefit of persons unemployed through no fault of their own."[5]  [T]he Unemployment Compensation Act is usually given a liberal construction favoring a claimant, at least when its basic policy is in issue."[6] An employee who is discharged for "just cause" is disqualified from receiving unemployment benefits.[7]  "Just cause" is "a willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[8]   In the context of unemployment benefits, the Court has held that "'wilful' [sic] implies actual, specific, or evil intent, while 'wanton' implies needless, malicious or reckless conduct, but does not require

---

[3] *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).
[4] *See Funk*, 591 A.2d at 225; *Williams v. Brandywine Counseling*, 2016 WL 3660570, at *2 (Del. Super. Apr. 27, 2016).
[5] 19 *Del. C.* § 3301.
[6] *Williams*, 2016 WL 3660570, at *2 (quoting *Delaware Auth. For Reg'l Transit v. Buehlman*, 409 A.2d 1045, 1046 (Del. 1979)).
[7] 19 *Del. C.* § 3314(2).
[8] *Dep't of Corr. v. Toomey*, 1997 WL 537294, at *2 (Del. Aug. 20, 1997) (quoting *Avon Prods., Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986)).

actual intent to cause harm."[9] An employer bears the burden of proving by a preponderance of the evidence that an employee was terminated for just cause.[10]

13.    The Board concluded that there was just cause for Employee's termination based on its finding that Employee's Facebook posts violated Employer's Social Media Policy.  Substantial evidence supports the Board Decision, including Employer's Social Media Policy, Employee's acknowledgement of the policy, and Employee's Facebook posts.

14.    In addition, the Board Decision is free from legal error.

15.    The Board Decision is supported by substantial evidence, and is free from legal error, and must be affirmed.

---

[9] *Jackson v. Christian Care*, 2008 WL 555918, at *2 (Del. Super. Feb. 29, 2008) (internal citations omitted).  *See also Brown v. First State Fabrication, LLC*, 2015 WL 7747127, at *2 (Del. Super. Nov. 17, 2015) (quoting *Coleman v. Dep't of Labor*, 288 A.2d 285, 288 (Del. Super. 1972)) ("A willful or wanton act requires the employee to be 'conscious of his conduct or recklessly indifferent to its consequences.'"); *McCaffrey v. City of Wilmington*, 2014 WL 6679176, at *8 (Del. Super. Nov. 3, 2014) (citing *Morris v. Blake*, 552 A.2d 844, 847 (Del. Super. 1988)) (holding that wantonness is demonstrated by a conscious indifference that evidences an 'I-don't-care' attitude).
[10] *Murphy & Landon, P.A v. Pernic*, 121 A.3d 1215, 1222 (Del. 2015) (citing *Edmonds v. Kelly Servs.*, 2012 WL 4033377, at *2 (Del. Sept. 12, 2012)).

**NOW, THEREFORE,** this 16th day of February, 2018, the August 7, 2017

decision of the Unemployment Insurance Appeal Board is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
The Honorable Andrea L. Rocanelli