## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                              |     |                          |
|------------------------------|-----|--------------------------|
| MARK MCAFEE,                 | )   |                          |
|                              | )   |                          |
| Appellant,                   | )   |                          |
|                              | )   |                          |
| v.                           | )   | C.A. No. N19A-07-007 ALR |
|                              | )   |                          |
| IKO PRODUCTIONS and          | )   |                          |
| UNEMPLOYMENT INSURANCE       | )   |                          |
| APPEAL BOARD,                | )   |                          |
|                              | )   |                          |
| Appellees.                   | )   |                          |

Submitted: December 4, 2019
Decided: January 14, 2020

*On Appeal from the Unemployment Insurance Appeal Board*
**AFFIRMED**

## ORDER

This is an appeal from the Unemployment Insurance Appeal Board ("Board").

Upon consideration of the facts, arguments, and legal authorities set forth by the

parties; statutory and decisional law; and the entire record in this case, the Court

hereby finds as follows:

1.     Appellant Mark McAfee ("Employee") was employed by IKO

Productions, Inc. ("Employer") from January 2014 until his termination on March

5, 2019.

2.     Employer maintains a Violence-Free Workplace policy ("Policy")

which provides, "Any individual found to have perpetrated or threatened Violence

are, without limitation, subject to remedial, disciplinary and/or legal action (e.g. involving local police) up to and including dismissal for cause, and expulsion from Company property."[1] Employee acknowledged receipt of the Policy in January 2014.

3.     On February 15, 2019, Employee was involved in a physical fight with another employee which led to a response by police and Employee's arrest. As a result of the fight, Employer placed Employee on suspension and began an investigation of the incident. Employer ultimately found that Employee physically assaulted another employee at work in violation of the Policy.

4.     Employer terminated Employee on March 5, 2019 for violating the Policy.

5.     Following Employee's termination, Employee filed a claim for unemployment benefits with the Division of Unemployment Insurance. By decision dated April 2, 2019, a Claims Deputy found that Employee was terminated for just cause and thus disqualified from receiving benefits pursuant to 19 *Del. C.* § 3314(2) ("Section 3314(2)").

---

[1] R. at 111. The Policy further provides that "'violence' is broadly defined and includes the attempted or actual exercise of physical force against anyone, or any threatening statement or behaviour [sic] that gives a person reason to believe that physical force will be used against them on Company property (including off-site Company-related events and functions)." *Id.* at 109.

2

6.    Employee appealed the Claims Deputy's decision to an Appeals Referee. The Appeals Referee held a hearing at which a representative of Employer ("Representative") and Employee testified. During the hearing, the Appeals Referee admitted into evidence reports prepared by Representative describing various conversations between Representative and others with relevant information, including Employee, the other employee involved in the fight, an employee who observed Employee and the other employee involved in the fight talking on the day of the fight, and Employee's union representative. The Appeals Referee also admitted into evidence Employee's signed acknowledgment of the Policy; however, Employer did not provide a copy of the Policy to the Appeals Referee.

7.    On April 23, 2019, the Appeals Referee reversed the Claims Deputy's decision and found Employee to be "not disqualified" from receiving benefits pursuant to Section 3314(2). The Appeals Referee concluded that while Employee's involvement in the fight constituted misconduct, Employer did not carry its burden of proving that Employee was discharged for just cause. Specifically, the Appeals Referee concluded that Employer did not provide sufficient evidence that Employee was the initial aggressor in the fight.

8.    Employer appealed the Appeals Referee's decision to the Board, and the Board held a hearing on May 22, 2019. During the hearing, Representative testified and presented evidence that had not been presented to the Appeals Referee,

3

including a copy of the Policy and a copy of the police report related to the fight.[2]

Employee did not appear at the Board's hearing.

9.    By decision dated July 9, 2019, the Board reversed the Appeals Referee's decision and declared Employee disqualified from receiving unemployment benefits ("Board Decision"). The Board found that Employer presented sufficient evidence to show just cause for Employee's immediate termination. Specifically, the Board found that Employee's "violent attack" of another employee violated Employer's Policy and that Employee was aware that the violation constituted just cause for Employee's termination.[3]

10.    Employee appeals the Board Decision to this Court.

11.    This Court reviews the Board Decision for abuse of discretion.[4] Accordingly, this Court's review is limited to determining whether the Board's findings and conclusions are free from legal error and supported by substantial evidence on the record.[5] Substantial evidence is relevant evidence that a reasonable person could accept as adequate to support a conclusion.[6] If the record contains

---

[2] In response to questioning from the Board, Representative testified that a witness with first-hand knowledge of the fight did not appear at the Board's hearing due to a no-contact order between Employee and the witness. *See* R. at 93–94. No other witnesses with first-hand knowledge of the fight testified at the Board's hearing.
[3] R. at 103.
[4] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).
[5] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *3 (Del. Super. June 18, 2008).
[6] *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

substantial evidence to support the Board's conclusion, the decision will not be disturbed.[7]

12.    Delaware's unemployment statute provides for "the compulsory setting aside of an unemployment reserve to be used for the benefit of persons unemployed through no fault of their own."[8]  "[T]he Unemployment Compensation Act is usually given a liberal construction favoring a claimant, at least when its basic policy is in issue."[9]  An employee who is discharged for "just cause" is disqualified from receiving unemployment benefits.[10]  "Just cause" is "a wilful [sic] or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[11]  In the context of unemployment benefits, this Court has held that "'willful' implies actual, specific, or evil intent, while 'wanton' implies needless, malicious, or reckless conduct, but does not require

---

[7] *See Funk*, 591 A.2d at 225.

[8] 19 *Del. C.* § 3301.

[9] *Del. Auth. for Reg'l Transit v. Buehlman*, 409 A.2d 1045, 1046 (Del. 1979).

[10] 19 *Del. C.* § 3314(2).

[11] *Dep't of Corr. v. Toomey*, 1997 WL 537294, at *2 (Del. Aug. 20, 1997) (quoting *Avon Prods., Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986)).

actual intent to cause harm."[12]   An employer bears the burden of proving by a preponderance of the evidence that an employee was terminated for just cause.[13]

13.    The Board Decision is supported by substantial evidence, including Employer's Policy, Employee's acknowledgement of the Policy, and evidence that Employee was involved in a physical fight with another employee on Employer's property.  In addition, the Board Decision is free from legal error.  Accordingly, the Board Decision must be affirmed.

**NOW, THEREFORE, this 14th day of January 2019, the July 9, 2019 decision of the Unemployment Insurance Appeal Board is hereby AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

**The Honorable Andrea L. Rocanelli**

---

[12] *Jackson v. Christiana Care*, 2008 WL 555918, at *2 (Del. Super. Feb. 29, 2008) (citations omitted); *see also Brown v. First State Fabrication, LLC*, 2015 WL 7747127, at *2 (Del. Super. Nov. 17, 2015) ("A willful or wanton act requires the employee to be 'conscious of his conduct or recklessly indifferent to its consequences.'" (quoting *Coleman v. Dep't of Labor*, 288 A.2d 285, 288 (Del. Super. 1972))); *McCaffrey v. City of Wilmington*, 2014 WL 6679176, at *8 (Del. Super. Nov. 3, 2014).

[13] *Murphy & Landon, P.A. v. Pernic*, 121 A.3d 1215, 1222 (Del. 2015).

6