**Jack WEAVER, Petitioner,**

v.

**EMPLOYMENT SECURITY COMMISSION of the State of Delaware and James S. Dorsey, Respondents.**

Superior Court of Delaware, New Castle.

Jan. 21, 1971.

Elwyn Evans, Jr., Wilmington, for petitioner.

Jay H. Conner, Wilmington, for respondents.

OPINION

STOREY, Judge.

This is an appeal of a decision by the Employment Security Commission affirming a referee's denial of the payment of unemployment benefits to petitioner following his dismissal from employment as a plumber on February 4, 1970. Respondent employer testified before the referee that petitioner's dismissal was due to a poor work attendance record culminating in a failure on February 4, 1970 to heed the employer's instructions to respond to a call for home heating repair. Respondent employer testified in detail as to petitioner's poor attendance during the first ten weeks of 1969. Aside from testimony that during two weeks in December 1969 petitioner worked only 33.5 and 38 hours, rather than the required 40 hours, no other specific ev-

idence of poor work attendance appears in the record. Respondent employer testified that petitioner was incarcerated in the penitentiary during the middle of 1969 and that respondent had attempted to have petitioner released under the work release program. There is no evidence in the record of any disciplinary action or warnings of respondent prior to the February 4, 1970 dismissal. With respect to the February incident, respondent employer testified that petitioner had been notified to report to a house to repair the heat. Respondent further testified that the house was occupied, although there was no evidence that petitioner was advised of that fact. Petitioner testified that, to his knowledge, the house was not occupied and that he was never notified to the contrary. Petitioner admitted failing to report to the house, testifying that he was suffering from a severe cold.

■ Based on the above evidence, the referee and the Commission found that petitioner's " * * * irresponsible actions of February 4th and his poor attendance record * * * " furnished "just cause" for his discharge. Where, as in this case, the findings of the referee and Commission are supported by substantial evidence, such findings must be accepted by the Court. Air Mod Corporation v. Newton, 215 A.2d 434 (Del.Supr.1965); General Motors Corporation v. Freeman, 3 Storey 74, 164 A.2d 686 (Del.Supr.1960).

The issue in this case is whether a poor employee attendance record that is condoned by the employer and/or an incident of an employee's irresponsible failure to heed the employer's instructions to repair a home heating system in February, constitutes "just cause" for the employee's dismissal.

■ 19 Del.Code, Section 3315(2) provides that an individual shall be disqualified for benefits:

"For the period of unemployment next ensuing after an individual has been dis-

charged from his work for just cause in connection with his work. * * * "

As stated in Abex Corporation v. Todd, 235 A.2d 271, 272 (Del.Super.1967):

"Although there are no published Delaware cases defining 'just cause', that concept has been defined in other jurisdictions. Generally, the term 'just cause' refers to a wilful or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employee's expected standard of conduct." (Citations omitted.)

Although it has been recognized that a persistently poor work attendance record may constitute sufficiently wilful or wanton misconduct to furnish just cause for dismissal, cases so holding have involved prior warnings by the employer. 41 A.L.R.2d 1158, Sec. 3, p. 1160 and cases cited therein. As indicated in Abex Corporation v. Todd, *supra,* at p. 272, the employee's "expected standard of conduct" is relevant in determining whether the actions of the employee are such as to constitute "just cause" for dismissal. Here, the employer testified that he attempted to secure the employee's release from the penitentiary for employment under the work release program *after* the employee's poor attendance record during the first ten weeks of 1969. This factor, combined with the meager evidence of the employee's substandard attendance record for two weeks in December 1969 following his release from the penitentiary and the absence of any prior warnings by the employer, leads this Court to conclude that petitioner's attendance record did not constitute such wilful or wanton action as to furnish just cause for his dismissal. Neither was just cause for dismissal furnished by petitioner's irresponsible actions of February 4, 1970. A single instance of irresponsible failure to heed an employer's instructions does not rise to the level of a "wilful or wanton act in violation of * * * the employer's expected standard of conduct." *Abex, supra,* at p. 272, where it appears that the em-

ployer tolerated previous actions of similar severity without warning.

Accordingly, the findings of the referee and the Commission are hereby set aside, and the cause remanded for further action consistent with the within decision.

It is so ordered.