**Elpidio S. ORTIZ, Appellant,**

v.

**UNEMPLOYMENT INSURANCE APPEAL BOARD and Brown & Scott Packing Company, Appellees.**

Supreme Court of Delaware.

March 4, 1974.

Elwyn Evans, Jr., Wilmington, for appellant.

Thomas Herlihy, III, and John C. S. Frank of Herlihy & Herlihy, Wilmington, for appellees.

HERRMANN, C. J., and CAREY and DUFFY, JJ., sitting.

DUFFY, Justice:

This appeal brings up for review a decision by the Superior Court affirming an order of the Unemployment Insurance Appeal Board denying benefits to Elpidio Ortiz (Claimant). A complete statement of facts appears in the Court's opinion, 305 A.2d 629 (1973).

We agree with the Superior Court that for decisional purposes the Claimant's employment period may be divided into two parts: the six months immediately preceding mid-January 1972 and the six weeks thereafter. The mid-January date is significant because that is when, with the aid of his employer, Claimant secured a "mother's helper" to assist with his domestic problems which resulted in repeated tardiness and absence from work. We concur with the Court's analysis that for the period prior to mid-January, the employer condoned Claimant's substandard appearance record, which was poor in the extreme. See Weaver v. Employment Security Com-

mission, Del.Super., 274 A.2d 446 (1971). And the uncontroverted facts show that after the "mother's helper" was obtained, Claimant continued to be tardy (eight times) and absent (eight times, including four excused days on which he took his wife to the hospital). On February 29, 1972 Claimant was discharged for tardiness and absenteeism.

The Superior Court was correct in stating the general rule that poor attendance may support a finding of "just cause" for dismissal. Weaver v. Employment Security Commission, supra; see also 41 A. L.R.2d 1158. And we approve the definition of "just cause" adopted in Abex Corporation v. Todd, Del.Super., 235 A.2d 271 (1967), and cited with approval in both Coleman v. Department of Labor, Del. Super., 288 A.2d 285 (1972) and the opinion in this case. Further, we agree with the Superior Court's conclusion that the employer was generous and sympathetic in its efforts to accommodate employment requirements to the very difficult problems encountered by Claimant as a result of his wife's serious illness. In the face of that we are most reluctant to reach a result which may appear to penalize the employer for understanding and tolerant conduct, but our analysis of the undisputed facts leads to a conclusion different from that of the Superior Court.

The Court assumed that the Claimant had not been explicitly warned that he would be discharged if his poor attendance record continued. In our view, that fact is critical and, in searching the record, the only evidence we find of such warning is in a letter by the employer dated August 18, 1971 to the Department of Social Services stating that, "In order for this man to keep working, his particular needs are for a mother's helper." Under the facts in this case, that was insufficient notice.

Given the six months (before mid-January) in which the employer made all of the special arrangements reflected in the record to enable Claimant to continue working, it is our opinion that *at the time* the employer decided to bring that approach to a close, fundamental fairness required an unambiguous warning to Claimant that thereafter he was expected to comply with the employer's standards as to days and hours of employment. The employer did not give any warning of any kind but simply discharged Claimant without notice. Understandably, after everything the employer had done to assist Claimant, its patience and tolerance may have become exhausted; but in that event, it should have so informed him before summary dismissal. In short, the circumstances called for a warning that tolerance of tardiness and absences was at an end.

Our decision today should not be construed as holding that a warning is required in every instance before a discharge for absenteeism or tardiness is valid. Compare Coleman v. Department of Labor, supra. The circumstances here are exceptional and the decision is based on them.

The judgment of the Superior Court is reversed.