# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **KELLY REYNOLDS,** | **:** | |
| | **:** | **C.A. No: K15A-08-003 RBY** |
| **Appellant,** | **:** | __In and For Kent County |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **UNEMPLOYMENT INSURANCE** | **:** | |
| **APPEAL BOARD,** | **:** | |
| | **:** | |
| **Appellee.** | **:** | |

*Submitted: January 11, 2016*
*Decided: January 15, 2016*

***Upon Consideration of Appellant's Appeal from***
***the Unemployment Insurance Appeals Board***
**AFFIRMED**

## ORDER

Kelly Reynolds, *pro se*.

Paige J. Schmittinger, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware for Unemployment Insurance Appeal Board

Young, J.

## SUMMARY

Kelly Reynolds ("Appellant") appeals the decision of the Unemployment Insurance Appeal Board ("the Board") affirming a Department of Labor determination that she was disqualified to receive unemployment insurance benefits. The Board found that Appellant was discharged from her employment for just cause and, therefore, was disqualified to receive the disputed benefits. Because the Board's decision is supported by substantial evidence and free from legal error, the decision below is **AFFIRMED**.

## FACTS

Appellant was discharged from her position at Dover Downs ("Employer") on March 25, 2015 for leaving work early on March 12, 2015 without informing a supervisor. Appellant did not dispute the fact that she left work early, but asserted that her actions did not provide adequate basis for her discharge. Appellant asserted that Employer took no corrective action regarding the March 12 incident until her sudden discharge two weeks later. However, Appellant indicated that she was aware that she "could be let go for any reason within [a] 90 day probationary period" according to the employee handbook. The events at issue in this case took place during the probationary period. Also according to the employee handbook, leaving a work station during scheduled work hours without authorization is grounds for termination. Thus, a Claims Deputy found that Appellant had been discharged for just cause, and was disqualified from receiving unemployment benefits following the discharge.

In May 2015, a hearing was held before an Appeals Referee for the Board

2

regarding the Appellant's disqualification for unemployment benefits. There, Appellant's immediate supervisor confirmed that Appellant left work early on March 12 without permission. Appellant admitted signing an employee handbook which included the rule against leaving a work station. However, Appellant testified that, according to her understanding of the Employer's rules, an employee could not be discharged for just cause without prior warnings or write ups. Employer's Representative did not dispute Appellant's testimony.

Following the hearing, the Appeals Referee issued a decision reversing the Claims Deputy and finding that Appellant was discharged without just cause. Therefore, Appellant was eligible to receive unemployment benefits. The Appeals Referee indicated that Employer failed to prove by a preponderance of the evidence that just cause existed to discharge Appellant. The decision was based upon Appellant's "testimony regarding Employer's policy and not receiving write ups or warnings" which was not disputed by Employer. The Appeals Referee explained that Appellant should have been given at least one warning in order to support a discharge for just cause.

Employer filed notice of appeal thereafter, restating its position that Appellant was fired for just cause. In July 2015, the Board held a hearing on Employer's appeal. There, Employer's acting supervisor for the night of March 12, 2015 testified that Appellant did not ask for permission to leave that night. The Board found that Appellant was aware of and violated Employer's policy regarding attendance. Further, the Board found that Appellant's conduct rose to the level of willful and wanton, providing the basis for a discharge for just cause.

Therefore, the Board reversed the decision of the Appeals Referee, holding that Appellant was disqualified from receiving unemployment benefits.

Appellant filed an appeal with this Court in August 2015. Appellant listed her grounds for appeal as follows: 1) the decision to overturn the Appeals Referee's decision was wrong; 2) the Board did not have all the facts before them; 3) Employer's Representative withheld information; and 4) false information was provided by Employer. In Appellant's Opening Brief, she restated her version of the facts and expressed confusion at how and why the Board reversed the Appeals Referee. The Board declined to file an Answering Brief.

## STANDARD OF REVIEW

An appeal from an administrative board's final order to this Court is restricted to a determination of whether the Board's decision is free from legal error and supported by substantial evidence.[1] Where an agency has interpreted and applied a statute, the court's review is *de novo*.[2] "The Court does not weigh the evidence, determine credibility or make its own factual findings."[3]

## DISCUSSION

This Court addresses Appellant's arguments on appeal in turn. First, the

---

[1] 29 *Del. C.* § 10142(d); *Wilson v. Breakers Hotel & Suites*, 2010 WL 2562214 (Del. Super. June 24, 2010).

[2] *Lehman Brothers Bank v. State Bank Commissioner*, 937 A.2d 95, 102 (Del. 2007).

[3] *Bd. of Educ. of Capital Sch. Dist. v. Johns*, 2002 WL 471175, at *2 (Del. Super. Mar. 27, 2002).

Board has statutory authority to overturn the decision of an Appeals Referee.[4] Second, the Board had all the facts before them when it rendered its decision. The Board considered the record from two prior proceedings: the hearings before the Claims Deputy and the Appeals Referee. Both hearings included testimony from Appellant and Employer's Representative. Third and fourth, Employer's or its Representative's actions in presenting or withholding information during the proceedings are not a proper consideration of this Court. The Court does not weigh the evidence or determine the credibility of witnesses below.[5]

However, questions of law are reviewed *de novo*.[6] Whether Employer has met its burden of proof under the preponderance standard is a question of law. The single issue in this case is whether Appellant was discharged for just cause. The Board reversed the decision of the Appeals Referee, reaching an opposite conclusion on the issue. The Board's decision was free from legal error and supported by substantial evidence.

Both decisions below were based upon applications of 19 *Del. C*. § 3314(2), which states in relevant part that an individual shall be disqualified for unemployment benefits "for the week in which the individual was discharged from the individual's work for just cause in connection with the individual's work..." This Court has explained:

---

[4] 19 *Del. C* § 3320; *Funk v. UIAB*, 591 A.2d 222, 225 (Del. 1991).

[5] *Bd. of Educ. of Capital Sch. Dist.*, 2002 WL 471175, at *2.

[6] *Lehman Brothers Bank*, 937 A.2d at 102.

> In a [discharge] situation, the employer has the burden of proving just cause. Employee performance and conduct is highly relevant in assessing just cause. Absent evidence to the contrary, an employer necessarily sets the standard for acceptable workplace conduct and performance. Just cause refers to a wilful or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employee's expected standard of conduct.[7]

This Court has defined wilful and wanton conduct as "that which is evidenced by either conscious action, or reckless indifference leading to a deviation from established and acceptable workplace performance; it is unnecessary that it be founded in bad motive or malice."[8]

Therefore, "[v]iolation of a reasonable company rule may constitute just cause for discharge if the employee is aware of the policy and the possible subsequent termination."[9] The employer need not demonstrate a recurring offense; rather, "[j]ust cause can result from an isolated act by an employee that shows contempt for the acceptable procedures of the employer."[10]

This Court uses a two-step analysis to evaluate whether a violation of an employer's policy would support a just cause discharge: "1) whether a policy existed, and if so, what conduct was prohibited, and 2) whether the employee was

---

[7] *MRPC Fin. Mgmt. LLC v. Carter*, 2003 WL 21517977, at *4 (Del. Super. June 20, 2003) (internal quotation marks omitted).

[8] *Id.*

[9] *Wilson v. Unemployment Ins. Appeal Bd.*, 2011 WL 3243366, at *2 (Del. Super. July 27, 2011).

[10] *Edgemoor Cmty. Ctr. v. Black*, 2011 WL 7457651, at *3 (Del. Super. Oct. 25, 2011).

apprised of the policy, and if so, how was he made aware."[11] Enforceable notice may be established by "evidence of a written policy, such as an employees' handbook or by previous warnings of objectionable conduct."[12]

Here, Employer's existing policy prohibited leaving work early without prior authorization. Appellant confirmed that she was aware of the policy, at least in part through the employee handbook. Furthermore, Appellant admitted that she violated the policy by leaving work early without permission. Based on this evidence, the Board found that Employer had established by a preponderance of the evidence that Appellant was discharged for just cause.

The Board's findings are supported by substantial evidence and free from legal error. Appellant argues that she should have received notice of the consequences of her actions prior to being discharged. However, the Court has previously stated that "[t]he absence of advanced warning concerning the *consequences* of given acts, as opposed to notice of their impropriety, does not preclude a discharge for willful misconduct."[13]

Here, Appellant may not have subjectively grasped that her early departure from work would result in discharge, but she was aware that such action was against Employer's policy. Therefore, Appellant's assertion that Employer had to warn her prior to discharging her for just cause is legally inaccurate. While notice *may* be established through warnings, even one warning is not *required*.

---

[11] *Wilson*, 2011 WL 3243366, at *2.

[12] *Id.*

[13] *Coleman v. Dept. of Labor*, 288 A.2d 285, 288 (Del. Super. Feb. 17, 1972).

Enforceable notice was established through the employee handbook, which Appellant read and acknowledged in her testimony. Moreover, Appellant was aware that she "could be let go for any reason" within the probationary period of these events.

Employer has met its burden of proving that Appellant was discharged for just cause in connection with her work. Employer set reasonable standards for workplace conduct. Appellant was aware of the work rules based on written notice in the employee handbook. Appellant acted willfully in violation of the employer's interest, her duties as an employee, and the expected standard of conduct for employees.

## **CONCLUSION**

For the foregoing reasons, the Board's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
cc:    Counsel
       Ms. Kelly Reynolds (via U.S. Mail)
       Opinion Distribution