**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

BRANDEN J. WILMOTH,    )
)
    Appellant,    )
)
    v.    )    C.A. No. N18A-03-005 ALR
)
CONNOLLY FLOORING, INC.,    )
and UNEMPLOYMENT    )
INSURANCE APPEAL BOARD    )
)
    Appellees.    )

Submitted: June 21, 2018
Decided: July 17, 2018

*On Appeal from the Unemployment Insurance Appeal Board*
**AFFIRMED**

**ORDER**

This is an appeal from the Unemployment Insurance Appeal Board ("Board"). Upon consideration of the facts, arguments, and legal authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1.    Appellant Branden J. Wilmoth ("Employee") worked at Connolly Flooring, Inc. ("Employer") from April 2016 to November 2017.

2.    Employer has a progressive discipline policy in its handbook. Employee acknowledged receipt of the employee handbook. During his employment, Employee was occasionally disciplined for tardiness and failing to

report to work. Employee eventually received a three-day suspension for attendance issues. Following the suspension, Employer's Owner considered Employee to be on his last disciplinary step.

3. Following the suspension, on or about October 31, 2017, Employee had an altercation with his manager while at work. Employer's Owner overheard Employee and the manager arguing, and approached. The Owner warned Employee to stop arguing twice. When Employee continued speaking after the second warning, the Owner told Employee to "get out of here," and Employee left. Employee was terminated the next day for insubordination.

4. Employee filed a claim for unemployment benefits with the Division of Unemployment. By decision dated November 29, 2017, a Claims Deputy found that Employee was terminated for just cause and disqualified from receiving benefits pursuant to 19 *Del. C.* § 3314(2) ("Section 3314(2)").

5. Employee appealed the Claims Deputy's decision to an Appeals Referee. On December 19, 2017, the Appeals Referee reversed the Claims Deputy's decision, concluding that Employer failed to establish by a preponderance of the evidence that Employee was discharged for just cause.

6. Employer appealed the Appeals Referee's decision to the Board. The Board held a hearing on January 31, 2018, and both parties appeared.

7.      On March 2, 2018, the Board reversed the decision of the Appeals Referee ("Board Decision").  The Board found that Appellant was insubordinate by failing to comply with the Owner's instruction to stop arguing.  Accordingly, the Board found that Employer had just cause to terminate Employee, and that Employee was not entitled to unemployment benefits pursuant to Section 3314(2).

8.      Employee filed a timely appeal of the Board Decision to this Court. Employee argues that substantial evidence does not support the Board's conclusion that Employee was terminated for just cause.

9.      This Court reviews the Board Decision for an abuse of discretion.[1] Accordingly, this Court's review is limited to determining whether the Board's findings and conclusions are free from legal error and supported by substantial evidence on the record.[2]  Substantial evidence is relevant evidence that a reasonable person could accept as adequate to support a conclusion.[3]  If the record contains substantial evidence to support the Board's conclusion, the decision will not be disturbed.[4]

---

[1] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).
[2] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *3 (Del. Super. June 18, 2008).
[3] *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).
[4] *See Funk*, 591 A.2d at 225; *Williams v. Brandywine Counseling*, 2016 WL 3660570, at *2 (Del. Super. Apr. 27, 2016).

10. Delaware's unemployment statute provides for "the compulsory setting aside of an unemployment reserve to be used for the benefit of persons unemployed through no fault of their own."[5] An employee who is discharged for "just cause" is disqualified from receiving unemployment benefits.[6] "Just cause" is "a willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[7] In the context of unemployment benefits, the Court has held that "'wilful' [*sic*] implies actual, specific, or evil intent, while 'wanton' implies needless, malicious or reckless conduct, but does not require actual intent to cause harm."[8] An employer bears the burden of proving by a preponderance of the evidence that an employee was terminated for just cause.[9]

---

[5] 19 *Del. C.* § 3301.

[6] 19 *Del. C.* § 3314(2).

[7] *Dep't of Corr. v. Toomey*, 1997 WL 537294, at *2 (Del. Aug. 20, 1997) (quoting *Avon Prods., Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986)).

[8] *Jackson v. Christian Care*, 2008 WL 555918, at *2 (Del. Super. Feb. 29, 2008) (internal citations omitted). *See also Brown v. First State Fabrication, LLC*, 2015 WL 7747127, at *2 (Del. Super. Nov. 17, 2015) (quoting *Coleman v. Dep't of Labor*, 288 A.2d 285, 288 (Del. Super. 1972)) ("A willful or wanton act requires the employee to be 'conscious of his conduct or recklessly indifferent to its consequences.'"); *McCaffrey v. City of Wilmington*, 2014 WL 6679176, at *8 (Del. Super. Nov. 3, 2014) (citing *Morris v. Blake*, 552 A.2d 844, 847 (Del. Super. 1988)) (holding that wantonness is demonstrated by a conscious indifference that evidences an 'I-don't-care' attitude).

[9] *Murphy & Landon, P.A v. Pernic*, 121 A.3d 1215, 1222 (Del. 2015) (citing *Edmonds v. Kelly Servs.*, 2012 WL 4033377, at *2 (Del. Sept. 12, 2012)).

4

11. A single incident of misconduct, such as insubordination, can be sufficient to establish just cause for termination.[10] Insubordination consists of "a wilful [*sic*] refusal to follow the reasonable directions or instructions of the employer."[11]

12. The Board concluded that there was just cause for Employee's termination based on its finding that Employee acted insubordinately by refusing to stop arguing after the Owner's instruction. Substantial evidence supports the Board Decision, including the testimony of the Owner and the manager involved in the altercation.

13. In addition, the Board Decision is free from legal error.

14. The Board Decision is supported by substantial evidence, and is free from legal error, and must be affirmed.

**NOW, THEREFORE, this 17ᵗʰ day of July, 2018, the March 2, 2018 decision of the Unemployment Insurance Appeal Board is hereby AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____
The Honorable Andrea L. Rocanelli

---

[10] *See Mack v. RSC Landscaping*, 2011 WL 7078291, at *2 (Del. Super. Dec. 22, 2011) (citing *Peninsula United Methodist Homes v. Crookshank*, 2000 WL 33114324 (Del. Super. Sep. 28, 2000)).

[11] *Scott v. Unemployment Ins. Appeal Bd.*, 1993 WL 390365 (Del. Super. Sept. 22, 1993) (citing *Unemployment Ins. Appeal Bd. v. Martin*, 431 A.2d 1265 (Del. 1981)) (emphasis removed).