# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

DONNA WHITE, )
     Claimant-Below/Appellant, )
 )
v. ) C.A. No. N18A-05-001 ALR
 )
THE COURT OF CHANCERY OF )
THE STATE OF DELAWARE, )
     Employer-Below/Appellee, )
 )
and the )
 )
UNEMPLOYMENT INSURANCE )
APPEAL BOARD, )
     Appellee. )

Submitted: September 24, 2018
Decided: December 13, 2018

***On Appeal from the Unemployment Insurance Appeal Board***
**AFFIRMED**

## ORDER

This is an appeal from the Unemployment Insurance Appeal Board ("UIAB"). Upon consideration of the facts, arguments, and legal authorities set forth by the parties; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. Appellant Donna White ("Employee") was employed by the Court of Chancery of the State of Delaware ("Court of Chancery") from August 9, 2010 until her termination on November 11, 2017.

2. Court of Chancery enforces a Code of Conduct for Judicial Branch Employees which prohibits use of an employee's official position to obtain personal privileges. The Code of Conduct permits disciplinary action up to and including dismissal. Employee conceded that she received a copy of the Code of Conduct when she was hired by Court of Chancery.

3. On October 6, 2017, Employee sent an e-mail message to Mark Zuckerberg, CEO of Facebook, Inc. ("Facebook CEO"), using the State of Delaware e-mail system. At the time, Facebook was a party in active litigation pending before the Court of Chancery, and Facebook CEO was expected to testify as a witness. Employee's e-mail message to Facebook CEO sought to solicit assistance and guidance regarding Employee's personal business venture. Concerned for the integrity of the Court of Chancery, Facebook CEO's attorney alerted the presiding Chancellor that Facebook CEO had received an e-mail message from Employee.

4. Court of Chancery conducted an investigation. Following a period of suspension with pay and a pre-termination hearing, Employee was terminated for violating the Code of Conduct. Although Court of Chancery has a progressive discipline policy, Employee's conduct was considered by Court of Chancery to be so egregious that Employee was terminated immediately.

5. Employee filed a claim for unemployment benefits with the Division of Unemployment. By decision dated November 12, 2017, a Claims Deputy found that

2

Employee was terminated for just cause in connection with her employment and was therefore disqualified from the receipt of unemployment benefits pursuant to 19 *Del. C.* § 3314(2).

6.    Employee appealed the Claims Deputy's decision to an Appeals Referee. By decision dated February 14, 2018, the Appeals Referee affirmed the decision of the Claims Deputy that Employee was disqualified from receiving unemployment benefits on the grounds that Employee was terminated for just cause.

7.    Employee appealed the Appeals Referee's decision to the UIAB. By decision dated April 25, 2018, the UIAB affirmed the Appeals Referee's decision disqualifying Employee from unemployment benefits ("UIAB Decision").

8.    Employee filed a timely appeal of the UIAB Decision to this Court.

9.    This Court reviews the UIAB Decision for an abuse of discretion.[1] This Court's review is limited to determining whether the UIAB's findings and conclusions are free from legal error and supported by substantial evidence on the record.[2] Substantial evidence is relevant evidence that a reasonable person could

---

[1] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).
[2] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *3 (Del. Super. June 18, 2008).

accept as adequate to support a conclusion.[3] If the record contains substantial evidence to support the UIAB's conclusion, the decision will not be disturbed.[4]

10.     Delaware's unemployment statute provides for "the compulsory setting aside of an unemployment reserve to be used for the benefit of persons unemployed through no fault of their own."[5] An employee who is discharged for "just cause" is disqualified from receiving unemployment benefits.[6] "Just cause" is "a willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[7] In the context of unemployment benefits, the Court has held that "'wilful' [*sic*] implies actual, specific, or evil intent, while 'wanton' implies needless, malicious or reckless conduct, but does not require actual intent to cause harm."[8] A single incident of

---

[3] *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

[4] *See Funk*, 591 A.2d at 225; *Williams v. Brandywine Counseling*, 2016 WL 3660570, at *2 (Del. Super. Apr. 27, 2016).

[5] 19 *Del. C.* § 3301.

[6] 19 *Del. C.* § 3314(2).

[7] *Dep't of Corr. v. Toomey*, 1997 WL 537294, at *2 (Del. Aug. 20, 1997) (quoting *Avon Prods., Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986)).

[8] *Jackson v. Christian Care*, 2008 WL 555918, at *2 (Del. Super. Feb. 29, 2008) (internal citations omitted). *See also Brown v. First State Fabrication, LLC*, 2015 WL 7747127, at *2 (Del. Super. Nov. 17, 2015) (quoting *Coleman v. Dep't of Labor*, 288 A.2d 285, 288 (Del. Super. 1972)) ("A willful or wanton act requires the employee to be 'conscious of his conduct or recklessly indifferent to its consequences.'"); *McCaffrey v. City of Wilmington*, 2014 WL 6679176, at *8 (Del. Super. Nov. 3, 2014) (citing *Morris v. Blake*, 552 A.2d 844, 847 (Del. Super. 1988)) (holding that wantonness is demonstrated by a conscious indifference that evidences an 'I-don't-care' attitude).

misconduct can be sufficient to establish just cause for termination.[9] An employer bears the burden of proving by a preponderance of the evidence that an employee was terminated for just cause.[10]

11.     UIAB concluded that there was just cause for Employee's termination on the grounds that Employee's e-mail message to Facebook CEO violated Court of Chancery's Code of Conduct.[11] Substantial evidence supports the UIAB Decision. In addition, the UIAB Decision is free from legal error.

**WHEREFORE, the decision of the Unemployment Insurance Appeal Board which found that Donna White was terminated for just cause and is not entitled to unemployment benefits is supported by substantial evidence, and is free from legal error.**

---

[9] *See Mack v. RSC Landscaping*, 2011 WL 7078291, at *2 (Del. Super. Dec. 22, 2011) (citing *Peninsula United Methodist Homes v. Crookshank*, 2000 WL 33114324 (Del. Super. Sep. 28, 2000)).

[10] *Murphy & Landon, P.A v. Pernic*, 121 A.3d 1215, 1222 (Del. 2015) (citing *Edmonds v. Kelly Servs.*, 2012 WL 4033377, at *2 (Del. Sept. 12, 2012)).

[11] Employee and Court of Chancery also reference the Delaware Department of Technology and Information Acceptable Use Policy ("Acceptable Use Policy") in their submissions to this Court. The Acceptable Use Policy provides that limited personal use of state systems is permitted so long as such use does not involve interests in personal or outside business, activities such as selling or soliciting personal property, or the promotion of commercial ventures. While UIAB did not reference the Acceptable Use Policy in its UIAB Decision, there is substantial evidence in the record to conclude that Employee's use of state e-mail to send a personal message soliciting a litigant's assistance with Employee's personal business venture violated the Acceptable Use Policy as well as the Code of Conduct.

NOW, THEREFORE, this 13th day of December, 2018, the decision of the Unemployment Insurance Appeal Board is hereby AFFIRMED.

IT IS SO ORDERED.

*Andrea L. Rocanelli*

_____
**The Honorable Andrea L. Rocanelli**