IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

AUDREY M. PIERSON,

    Appellant,

v.

MID ATLANTIC LUBES, LLC and
UNEMPLOYMENT INSURANCE
APPEAL BOARD,

    Appellee

C.A. No. S18A-06-004 RFS

## **MEMORANDUM OPINION**

*On Appeal from a Decision of the Unemployment Insurance Appeal Board.*
*Affirmed.*

Submitted: 10/24/18
Decided: 12/19/18

Audrey M. Pierson, 14792 County Seat Highway, Seaford, Delaware 19973, Pro Se.

Daniel C. Mulveny, Esq., Deputy Attorney General, Carvel State Building, 820 North French Street, Wilmington, Delaware 19801, Attorney for Appellee, Unemployment Insurance Appeal Board.

STOKES, R.J.

## I.  Introduction

Audrey M. Pierson ("Appellant" or "Pierson") has appealed the decision of the Unemployment Insurance Appeals Board ("UIAB" or "Board") to deny Appellant unemployment benefits.  The employer has not participated in this appeal.  For the reasons stated herein, the decision is **AFFIRMED.**

## II.  Factual and Procedural History

Pierson was terminated from her employment with Mid Atlantic Lubes, LLC ("Employer") on February 2, 2018.  She thereafter applied for unemployment compensation benefits and had a hearing before a Claim's Deputy.  The Deputy determined that Pierson was terminated from her employment without just cause and was entitled to unemployment compensation benefits.  Employer then appealed this decision to the Referee.  The Referee accordingly reversed the decision of the Deputy finding that Pierson was terminated with just cause and that Pierson was no longer entitled to receipt of unemployment compensation benefits.  Pierson then appealed the decision of the Referee to the Board.  The Board affirmed the decision of the Referee specifically stating, "[t]he record shows that Claimant was discharged with just cause for violating Employer's safety policies" in regard to Pierson allowing her boyfriend to help clean an oil spill without the proper safety equipment.  Pierson has since appealed the decision of the Board to the Superior Court.

The facts presented to the Board are as follows.  Pierson holds the title of Assistant Manager, but Pierson contends that a co-worker, Tawn Murphy ("Murphy"), was the acting manager on the date of the incident.  While both Pierson and Murphy were working an oil spill occurred in the downstairs area of the Employer's facility.  Pierson contends that Murphy was the acting manager because Murphy opened the store that morning and was the first to call a superior

1

manager and Human Resources after the oil spill occurred. Furthermore, Pierson contends that she was at no point acting as the store manager on the date of the incident, because she was not the "manager in charge".

At some point after the spill occurred Pierson's boyfriend arrived on the scene. Pierson's boyfriend was employed by Employer, but worked at another location. Pierson then allowed her boyfriend to proceed to the downstairs area of Employer's facility in order to clean the oil spill, but he did not wear the required safety equipment while doing so. Employer had a safety policy that prohibited both employees and visitors from entering the downstairs area of the facility without safety equipment. The policy that required safety equipment in the downstairs area of the facility was laid out in the employee handbook. Furthermore, the company policy states that employees from other company stores are to be treated as customers and must not enter the downstairs area of the facility. Pierson admitted that she had received the handbook and signed it on June 19, 2015.

Pierson admits that she allowed her boyfriend to enter the downstairs area of the facility in order to help clean the spill. She also admits that she allowed her boyfriend to enter the downstairs area without the required safety equipment. Pierson testified to the Board that she believed her actions in allowing her boyfriend to clean the spill were appropriate because the other workers did not clean it up. Pierson believes that she did everything right in the situation and therefore was discharged without just cause. Several pictures of the facility and the spill were admitted into evidence as well as minutes of the event. The Board entered those exhibits into evidence.

## III.    Standard of Review

When reviewing the decisions of the Board, this Court must determine whether the Board's findings and conclusions of law are free from legal error and are supported by substantial evidence in the record.[1] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[2] The Court's review is limited: "It is not the appellate court's role to weigh evidence, determine credibility questions or make its own factual findings, but merely to decide if the evidence is legally adequate to support the agency's factual findings."[3]

## IV.    Discussion

The only issue raised on this appeal is whether there was just cause for the termination of Pierson. The Delaware Code provides, that one shall be disqualified for unemployment benefits if she has been "discharged from [her] work for just cause in connection with [her] work."[4] Generally, the term "just cause" refers to a willful or wanton act in violation of either the employer's interest, or of the employee's duties, or of the employee's expected standard of conduct.[5] Where a decision to terminate an employee is based upon misconduct, the employer has the burden of establishing the misconduct.[6] Violation of a reasonable company policy may constitute just cause for termination, provided the employee is aware of the policy and the fact that termination may result for the violation thereof.[7] But, a single instance of irresponsible failure to heed employer instructions does not rise to the level of just cause where it appears that

---

[1] *Unemployment Ins. Appeal Bd. v. Martin*, 431 A. 2d 1265 (Del. 1981).
[2] *Gorrell v. Division of Vocational Rehab.*, 1996 WL 453356, at *2 (Del. Super. Ct. 1996).
[3] *McManus v. Christiana Serv. Co.*, 1197 WL 127953, at *1 (Del Super. Ct. 1997).
[4] 19 *Del. C.* § 3314(2).
[5] *Abex Corp. v. Todd*, 235 A. 2d 271, 272 (Del. Super. Ct. 1967).
[6] *McCoy v. Occidental Chem. Corp.*, 1996 WL 111126, at *3 (Del. Super. Ct. 1996).
[7] *Burgos v. Perdue Farms, Inc.*, 2011 WL 1487076, at *2 (Del. Super. Ct. 2011).

the employer has tolerated previous actions of similar severity without warning.[8] Knowledge of a company policy may be established by evidence of a written policy, *i.e.*, an employer's handbook.[9]

As stated above, the Board, in making its decision, concluded that Pierson was terminated with just cause because she violated safety precautions laid out in the employer's manual. Pierson does not dispute that she knew of the precautions or that she signed the manual. Furthermore, the manual specifically states that the Employer has discretion to discipline employees for violations of Employer policies or procedures, "up to and including termination". Despite having such knowledge Pierson allowed her boyfriend to enter the downstairs area of the Employer's facility without the required protective safety gear.

On appeal Pierson argues that she was not the acting manager for the facility on the day of the spill. She contends that Murphy was the acting manager at the time of the spill and that it was the "acting manager's" responsibility to address the issue of safety equipment in the downstairs area of the facility. Furthermore, Pierson contends that she did what she thought was best for the company by accepting any help that was offered to assist with the cleanup of the spill. Murphy on the other hand contends that she did not even know that Pierson's boyfriend had entered the facility.

It is within the discretion of the Board, not the court to weigh the credibility of witnesses and to resolve conflicting testimony.[10] Consequently, if there is substantial evidence and no legal error the court will affirm the Board's decision.[11] This Court finds that the Board relied on

---

[8] *Weaver v. Employment Security Commission*, 274 A. 2d 446, 447-448 (Del. Super. Ct. 1971).
[9] *Id.*
[10] *Starkey v. Unemployment Ins. Appeal Bd.*, 340 A. 2d 165, 166 (Del. Super. Ct 1975), *aff'd*, 364 A. 2d 651 (Del. 1976).
[11] *Longobardi v. Unemployment Ins. Appeal Bd.*, 287 A. 2d 690, 692 (Del. Super Ct. 1971), *aff'd* 293 A. 2d 295 (Del. 1972).

substantial evidence and has not committed legal error in determining that there was just cause for the termination of Pierson. In determining whether just cause existed for the termination of Pierson it is irrelevant who the "acting manager" was on the day of the incident. What is relevant is that Pierson knew that she could be terminated for a violation of Employer's policy, and she in fact did violate Employer's policy. The Employer's policy clearly states that protective gear must be worn in the downstairs area of the facility. Despite having knowledge of the policy Pierson allowed her boyfriend to enter the downstairs area of the facility without the required protective gear. Therefore, Employer acted reasonably in its termination of Pierson and the Board's conclusion, that Pierson was terminated for just cause, is supported by substantial evidence. Furthermore, Pierson failed to raise the issue before the Board, and there were no fact findings from which one could reasonably conclude, that Employer had tolerated previous employee conduct similar to that engaged by Pierson.[12]

## V. Conclusion

Considering the foregoing, the Board's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

---

[12] *Unemployment Ins. Appeal Bd. v. Martin*, 431 A. 2d 1265, 1268 (Del. 1981).