**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

KA-DADRA DYE,          )
                          )
        Appellant,      )
                          )
      v.               )      Case No. N18A-10-002 ALR
                          )
UNEMPLOYMENT INSURANCE   )
APPEAL BOARD,         )
                          )
        Appellee.      )

Submitted: March 26, 2019
Decided: May 23, 2019

***Upon Appeal from the Unemployment Insurance Appeal Board***
**AFFIRMED.**

## ORDER

This is an appeal from the Unemployment Insurance Appeal Board ("UIAB").

Upon consideration of the facts, arguments, and legal authorities set forth by the

parties; statutory and decisional law; and the entire record in this case, the Court

hereby finds as follows:

1. Appellant Ka-Dadra Dye ("Employee") was terminated from

employment on March 6, 2018 for not returning to work after a leave of absence.

2. On June 6, 2018, a Claims Deputy issued a Determination finding that

Employee was terminated for just cause and was therefore disqualified from the

receipt of unemployment benefits. The Claims Deputy's Determination was mailed

1

to Employee on June 6, 2018 at the Employee's address of record with notice that the Determination would become final on June 16, 2018 unless a written appeal was filed.

3. The Determination became final and binding on June 16, 2018 in the absence of a timely-filed appeal.

4. On July 9, 2018, Employee filed an untimely request for appeal of the Claims Deputy's Determination.

5. On July 25, 2018, an Appeals Referee held a hearing on the sole issue of the timeliness of Employee's appeal. The Appeals Referee affirmed the Claims Deputy's Determination because Employee failed to file a timely appeal within the jurisdictional timeframe set by 19 *Del. C.* § 3318(b) ("Referee's Decision").

6. Employee filed a timely appeal of the Referee's Decision with the UIAB. By decision dated September 28, 2018, the UIAB affirmed the Referee's Decision concluding that Employee's request for appeal was untimely and thus not reviewable ("UIAB Decision").

7. Employee filed a timely appeal of the UIAB Decision to this Court.

8. This Court reviews the UIAB Decision for an abuse of discretion.[1] This Court's review is limited to determining whether the UIAB's findings and conclusions are free from legal error and supported by substantial evidence on the

---

[1] *Funk v. Unemployment Ins. Appeal Bd.*, 591 A.2d 222, 225 (Del. 1991).

record.[2] Substantial evidence is relevant evidence that a reasonable person could accept as adequate to support a conclusion.[3] If the record contains substantial evidence to support the UIAB's conclusion, the decision will not be disturbed.[4]

9. Delaware's unemployment statute provides for "the compulsory setting aside of an unemployment reserve to be used for the benefit of persons unemployed through no fault of their own."[5] An employee who is discharged for "just cause" is disqualified from receiving unemployment benefits.[6] "Just cause" is "a willful or wanton act or pattern of conduct in violation of the employer's interest, the employee's duties, or the employee's expected standard of conduct."[7] In the context of unemployment benefits, the Court has held that "'wilful' [*sic*] implies actual, specific, or evil intent, while 'wanton' implies needless, malicious or reckless conduct, but does not require actual intent to cause harm."[8] A single incident of

[2] *PAL of Wilmington v. Graham*, 2008 WL 2582986, at *3 (Del. Super. June 18, 2008).

[3] *Histed v. E.I. DuPont de Nemours & Co.*, 621 A.2d 340, 342 (Del. 1993).

[4] *See Funk*, 591 A.2d at 225; *Williams v. Brandywine Counseling*, 2016 WL 3660570, at *2 (Del. Super. Apr. 27, 2016).

[5] 19 *Del. C.* § 3301.

[6] 19 *Del. C.* § 3314(2).

[7] *Dep't of Corr. v. Toomey*, 1997 WL 537294, at *2 (Del. Aug. 20, 1997) (quoting *Avon Prods., Inc. v. Wilson*, 513 A.2d 1315, 1317 (Del. 1986)).

[8] *Jackson v. Christian Care*, 2008 WL 555918, at *2 (Del. Super. Feb. 29, 2008) (internal citations omitted). *See also Brown v. First State Fabrication, LLC*, 2015 WL 7747127, at *2 (Del. Super. Nov. 17, 2015) (quoting *Coleman v. Dep't of Labor*, 288 A.2d 285, 288 (Del. Super. 1972)) ("A willful or wanton act requires the employee to be 'conscious of his conduct or recklessly indifferent to its consequences.'"); *McCaffrey v. City of Wilmington*, 2014 WL 6679176, at *8 (Del.

misconduct can be sufficient to establish just cause for termination.[9] An employer bears the burden of proving by a preponderance of the evidence that an employee was terminated for just cause.[10]

10. Upon receipt of a claim for unemployment benefits, a Claims Deputy reviews the claim and issues a determination of the claimant's eligibility for benefits.[11] Unless a claimant files an appeal of a Claims Deputy's determination within ten calendar days after such determination was mailed to the claimant's last known address, the Claims Deputy's determination becomes final.[12]

11. The UIAB found no error in the Referee's Decision affirming the Claims' Deputy's Determination because Employee failed to file a timely appeal. The UIAB further concluded that Employee received the benefit of due process. Substantial evidence supports the UIAB Decision. In addition, the UIAB Decision is free from legal error. Moreover, the Court concludes that an appeal would have been futile because there was just cause for Employee's termination on the grounds

---

Super. Nov. 3, 2014) (citing *Morris v. Blake*, 552 A.2d 844, 847 (Del. Super. 1988)) (holding that wantonness is demonstrated by a conscious indifference that evidences an 'I-don't-care' attitude).

[9] *See Mack v. RSC Landscaping*, 2011 WL 7078291, at *2 (Del. Super. Dec. 22, 2011) (citing *Peninsula United Methodist Homes v. Crookshank*, 2000 WL 33114324 (Del. Super. Sep. 28, 2000)).

[10] *Murphy & Landon, P.A v. Pernic*, 121 A.3d 1215, 1222 (Del. 2015) (citing *Edmonds v. Kelly Servs.*, 2012 WL 4033377, at *2 (Del. Sept. 12, 2012)).

[11] 19 *Del. C.* § 3318(a).

[12] 19 *Del. C.* § 3318(b).

of willful misconduct. Accordingly, Employee is not entitled to unemployment benefits.

**NOW, THEREFORE, this 23rd day of May, 2019, the decision of the Unemployment Insurance Appeal Board is hereby AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*
**The Honorable Andrea L. Rocanelli**

5