# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JASMINE DUKES,     )
            )
    Appellant,   )
            )
  v.        )  C.A. K23A-04-002 NEP
            )
STATE OF DELAWARE   )
UNEMPLOYMENT INSURANCE )
APPEAL BOARD,    )
            )
    Appellee.   )

Submitted:  July 11, 2023
Decided:  September 26, 2023

## ORDER

### *Upon Appellant's Appeal from the Decision of the Unemployment Insurance Appeal Board*

### AFFIRMED

Before this Court is an appeal brought by Jasmine Dukes ("Ms. Dukes") challenging the decision of the Unemployment Insurance Appeal Board ("the Board") to uphold the overpayment determination of a Claims Deputy ("Deputy") of the Division of Unemployment Insurance of the Delaware Department of Labor ("the Division").[1]  Because Ms. Dukes neither appeared at her disqualification determination hearing nor appealed it to the Board, that determination became final,

---

[1] Although Ms. Dukes did not name it as an appellee in this case, the Division is a party to this appeal.  *See* 19 *Del. C.* § 3322(b) ("The Department [of Labor] shall be deemed to be a party to any judicial action involving any … decision [of the Board.]").

and she is prevented from arguing the merits of that *disqualification* determination during this subsequent *overpayment* determination appeal. Therefore, the Board's determination is **AFFIRMED**.

## FACTUAL AND PROCEDURAL BACKGROUND

1.      On June 14, 2020, Ms. Dukes filed a claim for unemployment insurance benefits.[2] As designated by Pandemic Unemployment Assistance, she then received a weekly amount of $253.00 for traditional unemployment benefits that were COVID-19 related from February 20, 2021, through June 19, 2021.[3] On July 12, 2021, a Division Deputy sent notice of, and issued, a disqualification determination pursuant to which Ms. Dukes was disqualified from receiving those unemployment benefits.[4] The Deputy found that she left work voluntarily for personal reasons and did not show good cause attributable to her employment pursuant to 19 *Del. C.* § 3314(1).[5]

2.      Ms. Dukes then appealed the disqualification determination to a Division Appeals Referee ("Referee").[6] A telephone hearing was held on March 14, 2022, but Ms. Dukes failed to appear for it, which led to her claim's dismissal.[7]

---

[2] R. at 59. Citations to the official record refer to the revised record filed with the Kent County Prothonotary on July 11, 2023, and are cited as "R. at ___."

[3] R. at 59, 66–71.

[4] R. at 64–65. The disqualification determination claim number is 47042312. R. at 64.

[5] R. at 64-65. The applicable statute provides in relevant part that an individual

> shall be disqualified for benefits … [f]or the week in which the individual left work voluntarily without good cause attributable to such work and for each week thereafter until the individual has been employed in each of 4 subsequent weeks (whether or not consecutive) and has earned wages in covered employment equal to not less than 4 times the weekly benefit amount.

19 *Del. C.* § 3314(1).

[6] R. at 59 & n.3.

[7] R. at 59 n.3. Notably, the Board's procedural history recitation indicates that Ms. Dukes did not appeal the disqualification determination and thus that it became final on July 22, 2021. R. at 10

Thereafter, Ms. Dukes never appealed the dismissal of her claim to the Board, which made her disqualification determination final.[8]

3.    Pursuant to 19 *Del. C.* § 3325, once there is a final disqualification determination, the next step in the adjudication process is the overpayment determination, which is where the *amount* that is subject to recoupment is decided.[9] On December 12, 2022, a Division Deputy issued an overpayment determination in the amount of $4,538.00 for the weeks of February 20, 2021, through July 12, 2021, and sought reimbursement from Ms. Dukes.[10]   Ms. Dukes then appealed that overpayment determination to a Referee.[11]

4.    On January 5, 2023, the Referee issued a decision that upheld Ms. Dukes's overpayment determination in the same amount.[12]  On January 9, 2023, Ms. Dukes appealed the Referee's decision to the Board.[13]  On April 3, 2013, the Board upheld the Referee's decision.[14]  On April 11, 2023, Ms. Dukes timely appealed her overpayment determination to this Court.[15]

5.    On appeal, Ms. Dukes argues that she never voluntarily left her job, while the Division argues that the merits of the predicate disqualification determination are final and cannot be reargued in this subsequent overpayment determination appeal.

---

n.1.  The Division has conceded on appeal, however, that Ms. Dukes did appeal the Deputy's decision.  *See* Appellee's Answering Br. at 2 & n.4 (citing R. at 59 n.3).

[8] *See* R. at 59 n.3 ("The Dismissal, sent to Claimant's address of record, became final in the absence of an appeal to the [Board] postmarked or received on or before Thursday, March 24, 2022.").

[9] *Odell v. Unemployment Ins. Appeal Bd.*, 2023 WL 4307685, at *1 & n.5 (Del. Super. June 30, 2023) (citing 19 *Del. C.* § 3325).

[10] R. at 62–63.  The overpayment determination claim number is 67042312.  R. at 62.

[11] R. at 59.

[12] R. at 58–61.

[13] R. at 10.

[14] R. at 10–13.

[15] R. at 1.

## STANDARD OF REVIEW

6.  19 *Del. C.* § 3323 provides that on appeal to this Court "the findings of [the Board] as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the Court shall be confined to questions of law."[16] Thus, this Court's role upon appeal is to determine whether the Board's findings are supported by substantial evidence and free from legal error.[17] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[18] This Court may consider only the record before it and views the record in the light most favorable to the party prevailing below.[19] This Court's review for legal error is *de novo*.[20]

7.  This Court will not disturb the Board's determination unless there was an abuse of discretion in which it acted arbitrarily or capriciously or exceeded the bounds of reason in view of the circumstances and ignored recognized rules of law or practice to produce injustice.[21]

## ANALYSIS

8.  At the outset, it appears that, although Ms. Dukes has timely appealed her overpayment determination from the Board, the briefs submitted by her attempt to rehash the merits of her predicate disqualification determination, i.e., that she voluntarily left her job and was therefore disqualified from receiving unemployment

---

[16] *Starcks v. Unemployment Ins. Appeal Bd.*, 2013 WL 4848101, at *3 & n.27 (Del. Super. July 30, 2013) (alteration in original) (citing *Coleman v. Dep't of Lab.*, 288 A.2d 285, 287 (Del. Super. 1972) ("[T]he credibility of the witnesses, the weight of their testimony, and the reasonable inferences to be drawn therefrom are for the Board to determine.")).

[17] *Id.*

[18] *Id.* (citation omitted).

[19] *Id.*

[20] *Odell*, 2023 WL 4307685, at *2.

[21] *Starcks*, 2013 WL 4848101, at *3.

benefits.[22]  As such, it is worthwhile to note the bifurcated process resulting in a *disqualification determination* and an *overpayment determination*.[23]

10. 9. The *disqualification determination* addresses whether the claimant is disqualified from receiving traditional unemployment benefits.[24]  Thereafter, the *overpayment determination* addresses the amount of previously paid benefits to be repaid by the claimant.[25]

10. The first issue that needs to be addressed is whether the disqualification determination in this case became final.  "A decision of an appeals tribunal (the Referee) becomes final unless within 10 days after the date of notification or mailing of that decision further appeal is initiated under 19 *Del. C.* § 3320."[26]  Failure to appear at an appeal hearing results in dismissal and a final decision due to not exhausting all administrative remedies.[27]

11. As noted *supra*,[28] the Division concedes that Ms. Dukes did appeal the Deputy's disqualification determination to a Referee but observes that, because she failed to appear for the telephone hearing on March 14, 2022, it was dismissed, and that Ms. Dukes never appealed the dismissal to the Board thereafter, which rendered it final.[29]

12. This Court agrees.  Ms. Dukes neither appeared for the telephone hearing, which led to that claim's dismissal by the Referee, nor thereafter appealed

---

[22] Appellant's Opening Br. at 1–3; Appellant's Reply Br. at 1–2.
[23] *See Odell*, 2023 WL 4307685, at *1.
[24] *Id.*
[25] *Id.*
[26] *Starcks*, 2013 WL 4848101, at *4 (citing 19 *Del. C.* § 3318(c)).
[27] *See Tomer v. Jobe's Landscape, Inc.*, 2012 WL 2344638, at *2 (Del. Super. June 14, 2012) (explaining that "[i]t was [claimant's] responsibility to inform the Board of [their] ability to attend the hearing.  [Their] failure to do so resulted in [claimant's] appeal being dismissed and the Appeals Referee's decision becoming final.").
[28] *See supra* note 7.
[29] Appellee's Answering Br. at 2 & n.4.

the dismissal of the Referee's disqualification determination to the Board.[30] In fact, Ms. Dukes admits that she did not attend the Referee's hearing, did not reschedule, and, ultimately, did not appeal the dismissal.[31] As such, the disqualification determination became final.[32]

13. Because Ms. Dukes's *disqualification determination* was properly deemed final, she cannot now challenge the merits of it in this subsequent *overpayment determination* appeal.[33] An overpayment determination appeal is governed by 19 *Del. C.* § 3325, which states that:

> If it is finally determined that an individual received benefits under this chapter for which the individual was not entitled, the individual shall repay, in cash, the amount of the overpayment to the Department for the Unemployment Compensation Fund. The individual is liable regardless of whether the overpayment was received through fraud or mistake, or whether the individual was legally awarded the payment of benefits at the time but on appeal was subsequently found not to be entitled thereto.[34]

14. The only issues preserved for a claimant's overpayment determination on appeal are: (1) whether the claimant received an overpayment of benefits; and (2) whether the amount owed is accurate.[35]

15. Here, Ms. Dukes makes no argument on appeal that she did not receive benefits or that the amount of the overpayment determination is not accurate.[36] Moreover, both the Referee and the Board made the factual findings that Ms. Dukes

---

[30] R. at 59 n.3.

[31] *See* R. at 33, 43; *see also* Appellant's Reply Br. at 2.

[32] *See* 19 *Del. C.* § 3318(c) (explaining that, unless there was an appeal initiated to the Board within ten days after a decision, the decision is final).

[33] *Starcks*, 2013 WL 4848101, at *4.

[34] 19 *Del. C.* § 3325(a).

[35] *See generally Starcks*, 2013 WL 4848101; *Tomer*, 2012 WL 2344638; *Duncan v. Del. Dep't of Lab.*, 2002 WL 31160324 (Del. Super. Sept. 10, 2002).

[36] *See Starcks*, 2013 WL 4848101, at *4.

6

received benefits and that the amount is accurate.[37]  This Court sees no reason to disturb those factual findings.[38]

16.    Instead, on appeal, Ms. Dukes attempts to rehash the merits of the disqualification determination.[39]  It is well-settled, nonetheless, that "[w]here a claimant has received adequate notice of the effect of a disqualification decision and of the right to appeal it, the claimant cannot appeal the basis, or merits, of the disqualification through a subsequent appeal of an overpayment determination."[40]

17.    Accordingly, this Court finds that the Board's overpayment determination is supported by substantial evidence in the record and is free from legal error.

Wherefore, for the foregoing reasons, the Board's overpayment determination is **AFFIRMED**.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP:tls
oc:    Prothonotary
cc:    Jasmine Dukes, *Pro Se – Via U.S. Mail*
        Victoria W. Counihan, DAG – *Via File & ServeXpress*
        Matthew B. Frawley, DAG – *Via File & ServeXpress*

---

[37] R. at 11, 60.

[38] *See Tomer*, 2012 WL 2344638, at *1 ("The Supreme Court and this Court repeatedly have emphasized the limited appellate review of the factual findings of an administrative agency.").

[39] *See generally* Appellant's Opening Br. at 1–4; Appellant's Reply Br. at 1–2.  Ms. Dukes also seeks to supplement the record with a letter from her employer.  In an administrative appeal, however, this Court is unable to consider new evidence for the first time on appeal.  *Odell*, 2023 WL 4307685, at *3; *Starcks*, 2013 WL 4848101, at *4.

[40] *Starcks*, 2013 WL 4848101, at *4 (citing *Murray v. Unemployment Ins. Appeal Bd., Dep't of Lab.*, 1994 WL 637088 (Del. Super. Apr. 22, 1994)).